# IN THE COURT OF APPEALS OF IOWA

No. 24-0741
Filed June 18, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LUKE PAUL LANGEBARTELS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Marion County, Charles C. Sinnard,

Judge.


        A defendant appeals his six convictions for sexually based crimes against

a child.  **AFFIRMED.**


        Daniel M. Northfield, Urbandale, for appellant.

        Brenna Bird, Attorney General, and David Banta, Assistant Attorney

General, for appellee.


        Considered without oral argument by Tabor, C.J., and Schumacher and

Chicchelly, JJ.

**TABOR, Chief Judge.**

A jury convicted Luke Langebartels of invasion of privacy and five other sexually based offenses. He now contends that the district court violated his confrontation rights under the Iowa Constitution by allowing S.H., the child victim in all six counts, to testify outside of his presence. He also challenges the sufficiency of the State's proof for invasion of privacy under Iowa Code section 709.21(1) (2022). Because he failed to preserve error on his constitutional claim, it is not properly before us. And viewing the evidence in the light most favorable to the jury's verdict, we find substantial evidence to satisfy the elements of section 709.21(1). So, we affirm his convictions.

## I.      Facts and Prior Proceedings

Ten-year-old S.H. was taking a bubble bath when her stepfather, Langebartels, barged into the bathroom and started washing her hair. She had not asked him to do so. He also rinsed her hair before returning to the living room. They were the only two family members at home that day. After S.H. dressed and joined Langebartels in the living room, she recalled that he was "putting lotion on my body, which was weird." She "grabbed the lotion" and started applying it herself, but he said: "no, no, no, let me do this for you." He rubbed lotion on her stomach, back, and legs—including her inner thigh. She testified that she "didn't feel uncomfortable at the time because it didn't click in my head that's not something normal people would do." Later that morning, S.H. was laying on her yoga mat, watching YouTube videos on her cellphone, when Langebartels started rubbing her buttocks under her shorts.

Later the same month, S.H. was at home with Langebartels and her siblings when he summoned her into his bedroom.  She recalled that he was wearing pajama pants but no shirt.  He talked to her about "having troubles" with his "love life" and showed her pornographic videos on his cellphone.  S.H. testified that while showing her the videos, Langebartels pulled down his pajama pants and exposed "his male part."  He was also "touching himself" while gripping her by the wrist.  And he "asked [her] to" touch him, but she refused.  The encounter ended when her siblings were "knocking on the door too many times."  Later that night, S.H. reported the incident to her grandmother, who called police.

The State charged Langebartels with enticing a child under the age of thirteen, lascivious acts with a child, dissemination and exhibition of obscene material to a minor, two counts of indecent contact with a child, and invasion of privacy.  The district court set the matter for a jury trial in February 2024.

One month before trial, the State sought a protective order to allow S.H. to testify outside of Langebartels's presence under Iowa Code section 915.38 (2024).  At a hearing on the motion, the State presented testimony from S.H.'s mother.  She told the court that S.H. was seeing a therapist and had been hospitalized because of "trauma, suicidal thoughts, and PTSD" since the incidents and defense depositions.  According to the mother, upon learning of the upcoming trial, S.H. was "very scared, especially having to possibly see the perpetrator.  She just shuts down."

At the end of the hearing, the defense argued that the State had not met the standard for remote testimony under *Maryland v. Craig*, 497 U.S. 836, 855–56 (1990), and section 915.38.  The defense underscored that the State did not

present expert testimony. The court granted the State's motion, finding that S.H. "would be further traumatized by testifying in the presence of the defendant," and that her "ability to communicate would be impaired if she had to testify in the presence of the defendant." During S.H.'s trial testimony, the judge, counsel, guardian ad litem, and witness were in the courthouse library, while the jury and Langebartels stayed in the courtroom.

The jury convicted Langebartels as charged. The court sentenced him to an indeterminate ten-year prison term followed by a lifetime special sentence under chapter 903B. He appeals.

## II.    Analysis

Langebartels raises two claims on appeal. First, he invokes his right to confrontation under the state constitution. Second, he contests the sufficiency of the evidence for the invasion of privacy conviction. We address his claims in turn.

### A. Confrontation Clause

Citing *State v. White*, Langebartels asks for a new trial because the district court allowed S.H. to testify outside of his presence. 9 N.W.3d 1 (Iowa 2024). *White* held that the Iowa Constitution requires face-to-face confrontation, disallowing one-way closed-circuit testimony under section 915.38. *Id*. at 11–13. But Langebartels did not challenge that statute's constitutionality in the district court. Because his challenge rested on statutory grounds alone, error was not preserved on the state constitution claim. Nor did the district court consider that question. *Cf. State v. Gomez Medina*, 7 N.W.3d 350, 355–56 (Iowa 2024).

For us to review an issue, even an issue involving constitutional rights, it must have been raised and decided in the district court. *State v. Hernandez*, ___

N.W.3d \_\_\_, \_\_\_, 2025 WL 52424, at *4 (Iowa Ct. App. 2025). The legislature has defined our jurisdiction as "a court for the correction of errors at law." Iowa Code § 602.5103(1). But we cannot correct an error if the claim was never before the district court. As in *Hernandez*, we decline to address the confrontation clause issue here.

### B. Sufficient Evidence for Invasion of Privacy

Langebartels next contends that the State offered insufficient evidence to support his conviction for invasion of privacy. We review that contention for the correction of legal error. *State v. Jones*, 967 N.W.2d 336, 339 (Iowa 2021). "In determining whether the jury's verdict is supported by substantial evidence, we view the evidence in the light most favorable to the State, including all 'legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence.'" *Id.* (citation omitted).

To convict Langebartels for invasion of privacy, the jury had to find proof beyond a reasonable doubt for these elements:

> 1. On or about the 20th day of December 2022, Luke Langebartels knowingly viewed S.H. without her consent.
> 2. S.H. was in a state of partial or full nudity when viewed.
> 3. S.H. had a reasonable expectation of privacy.
> 4. Luke Langebartels viewed S.H. with the specific intent to arouse or satisfy the sexual desire of any person.

*See* Iowa Code § 709.21. He contests elements one and four.

On that first element, Langebartels acknowledges S.H.'s testimony that she did not ask him to wash her hair. But he points to the State's lack of evidence that she affirmatively objected to him viewing her in the bathtub. He highlights that she did not lock the bathroom door or ask him to leave. As for the fourth element,

Langebartels emphasizes that S.H. did not testify to any sexual contact during the bath—"he didn't touch her anywhere other than her hair at that time." And he notes that they made "small talk" while he rinsed her hair.

The State counters that consent is not presumed under Iowa law. *See State v. Meyers*, 799 N.W.2d 132, 143–46 (Iowa 2011) (discussing statutory element of "nonconsent" in section 709.4). In its view, a reasonable jury could conclude from the totality of the evidence that the ten-year-old did not consent to Langebartel viewing her in the bathtub. And according to the State, Langebartels's later conduct revealed his intent to arouse or satisfy sexual desires when viewing S.H. in the bathtub.

The State has the better argument. Viewing the evidence in the light most favorable to the verdict, we find sufficient evidence that Langebartels viewed S.H. without her consent. The jury heard that she was self-sufficient enough to draw her own bath. She did not ask him to come into the bathroom. And when asked what he did after entering uninvited, she replied: "Oddly enough he was washing my hair." Jurors could reasonably infer from her reaction that it was not a common occurrence for him to help with her daily hygiene. As for "small-talk," S.H. told the jury that she was only responding to his questions. S.H.'s testimony was sufficient to show a lack of consent.

We also find substantial evidence to support the specific-intent element. Because specific intent to satisfy sexual desires can seldom be proven with direct evidence, we often turn to circumstantial evidence and the reasonable inferences drawn from that evidence. *See State v. Schwartz*, 7 N.W.3d 756, 765 (Iowa 2024). Here, the jury heard sufficient evidence to find that Langebartels viewed S.H. in

the bathtub for his sexual gratification. He did not accidentally happen into the bathroom when she was naked in the tub. He entered and stayed, touching her by washing her hair. A short time later, he rubbed her inner thighs under the ruse of applying lotion. And then he touched her buttocks under her shorts. The jury could also consider the bathtub viewing alongside the more aggressive sexual conduct that occurred later the same month. The jury could reasonably infer from the later acts that Langebartels's purpose in viewing S.H. naked was to arouse or satisfy his sexual desires. *See State v. Query*, 594 N.W.2d 438, 445–46 (Iowa Ct. App. 1999).

In sum, we find substantial evidence to support Langbartels's conviction for invasion of privacy. And because we don't reach his confrontation claim, we affirm all the jury verdicts.

**AFFIRMED.**